IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Alonza D. Smith,  )
   Petitioner,  )
      )
v.  )  1:11cv1039 (GBL/TCB)
      )
Bryan Watson,  )
   Respondent.  )

MEMORANDUM OPINION

This Matter is before the Court on respondent's Motion to Dismiss this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed pro se by Alonza D. Smith, a Virginia inmate. Petitioner challenges the validity of his conviction following a plea agreement in the Circuit Court for the County of Franklin, Virginia. On January 17, 2012, respondent filed a Rule 5 Answer along with a Motion to Dismiss and supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a response. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and this petition will be dismissed.

I. Background

Petitioner is incarcerated pursuant to a final judgment of the Franklin County Circuit Court entered on November 6, 2008. CR07050339-00; CR07050340-00. Petitioner was initially charged with one count of first-degree murder and one count of use of a firearm in the commission of a murder. Pursuant to a plea agreement, however, petitioner pled nolo contendere to one count of second-degree murder and one count of use of firearm in the

commission of a murder. Id. The Circuit Court accepted the plea agreement and sentenced petitioner to thirty-eight years in prison. Id.

Petitioner appealed his conviction to the Court of Appeals of Virginia, arguing that the duration of his sentence was unlawful because the trial court considered acts of petitioner's codefendants when determining the length of petitioner's sentence. Petitioner also argued that his sentence was "too harsh" under the circumstances. The Court of Appeals of Virginia denied the petition for appeal on April 15, 2010. R. No. 2756-09-3. Petitioner's request for further appeal was denied by the Supreme Court of Virginia on September 17, 2010. R. No. 100880.

On April 12, 2011, petitioner filed a pro se petition for a writ of habeas corpus in the Supreme Court of Virginia. The Supreme Court of Virginia dismissed the petition in an Order dated September 7, 2011. R. No. 110720, see Resp't Mot. to Dismiss Ex G., ECF No. 10-7.

On September 11, 2011,[1] petitioner timely filed the instant federal habeas petition raising the follow claims:

> (A) Trial counsel was ineffective because she failed to inform petitioner of the elements of the charges against him before petitioner entered his plea of nolo contendere. Pet. at 5. In the petitioner's supporting memorandum he explains "had he known the elements of first degree murder he would not have entered a plea of nolo contendere and instead [would have] proceeded to trial because the State couldn't prove those elements." Pet'rs. Mem. in Supp. at 6, ECF No. 2.
>
> (B) The trial court erred when it conducted an inadequate inquiry pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Specifically, petitioner alleges that trial court erred

---

[1] A pleading submitted by an unrepresented prisoner is deemed filed when the prisoner delivers the pleading to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner certifies he delivered his petition to prison officials for mailing on September 11, 2011. See Pet. at 7, ECF No.1

2

when it concluded that petitioner was competent to plead nolo contendere and that the plea was knowingly and voluntarily entered. Pet. at 5.

(C) Trial counsel was ineffective for failing to request a renewed competency hearing prior to petitioner pleading nolo contendere. Pet. at 6. Petitioner states that although he was twice found competent to stand trial, the Commonwealth and his defense attorney "remained convinced that petitioner still had something wrong with him concerning his mental health." Pet'rs Br. in Opp'n. at 4, ECF No. 14.

It is undisputed that these claims are identical to those raised in petitioner's state habeas petition. Therefore, petitioner's claims are exhausted for purposes of federal habeas review.

## II. Procedural Default

1. Claim B:

A state court's finding of procedural default is entitled to a presumption of correctness on federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris, 489 U.S. at 259. Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense

3

which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In this case, claim B of the petition must be dismissed as procedurally defaulted. In claim B, petitioner asserts that the trial court erred when it conducted an inadequate inquiry pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Specifically, petitioner argues the trial court erred in concluding petitioner was competent to plead nolo contendere and that his plea was not knowingly and voluntarily entered. When petitioner raised this claim in his state habeas petition, the Supreme Court of Virginia dismissed it. First, the court noted the claim was "without merit" because the Federal Rules of Criminal Procedure do not apply to state criminal proceedings. R. No.110720 at 2. Moreover, the court found that even if the claim were meritorious, it would be barred pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680, 682 (1974), because it was a non-jurisdictional issue that could have been raised at trial or on direct appeal. Id. at 2. The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Furthermore, petitioner has made no showing of cause and prejudice or a fundamental miscarriage of justice. Therefore, claim B must be dismissed from this petition as procedurally defaulted.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition,

a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### IV. Analysis

The remainder of petitioner's claims allege ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard

of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel."[2] Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test "is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson," 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

---

[2] Because a plea of nolo contendere is treated as an admission of guilt, Hudson v. United States, 272 U.S. 451 (1926), the law applicable to a guilty plea is also applicable to a plea of nolo contendere.

6

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a plea agreement, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

1. Claim A:

In claim A petitioner alleges trial counsel rendered ineffective assistance because she failed to inform petitioner of the elements of the charges against him before he entered his nolo contendere plea. When the petitioner raised this claim in his state habeas petition the Virginia Supreme Court ruled as follows:

> [C]laim A satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcripts and the affidavit of counsel, demonstrates that petitioner was initially charged with first degree murder but pleaded nolo contendere to second degree murder. During the plea colloquy, petitioner advised the court that he discussed the charges with counsel and that he understood the elements of the crimes, including the difference between first and second degree murder. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonably probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. Hill v. Lockhart, 474 U.S.

7

52, 59 (1985).

R. No. 110720 at 1-2, see Resp't Mot. to Dismiss Ex. G, ECF No. 10-7.

Review of plea colloquy establishes that the following exchange took place:

> THE COURT: Now, the amended charge still charges you with murder, you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: It's not first degree murder it's second degree murder.
>
> THE DEFENDANT: Yes.
>
> THE COURT: And have you discussed with Ms. Furrow the difference between first degree and second degree murder?
>
> THE DEFENDANT: Yes, sir, I have.
>
> THE COURT: And you understand it?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you have any questions about it?
>
> THE DEFENDANT: No.

Plea Tr. at 11-12 7/31/08.

The foregoing exchange belies petitioner's contention that he did not know the elements of the charges against him. Nevertheless, petitioner urges this Court to accept that he was unaware of the elements of first degree murder, and "had he known the elements . . . he would not have entered a plea of nolo contendere and instead [would have] proceeded to trial." Pet'rs Mem. in Supp. at 6, ECF No. 14. Absent clear and convincing evidence to the contrary, petitioner is bound by his representations during the plea colloquy. Beck v. Angelone, 261 F.3d

at 396. Here, petitioner's conclusory allegation that he did not understand the elements of first degree murder is without sufficient evidentiary weight to establish that his representations during the plea colloquy were untruthful or involuntary. This is particularly so considering that the trial court conducted an extensive colloquy with petitioner regarding his understanding of the charges and petitioner's attorney attests that she explained the elements of the crime to him. Plea Tr. at 11-12 7/31/08, Furrow Aff. at ¶¶ 3-4. Accordingly, the ruling by the Supreme Court of Virginia was not contrary to or based on an unreasonable application of established federal law, nor was it based on an unreasonable interpretation of the facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Thus, claim A must be dismissed from this petition.

2. Claim C:

In claim C, petitioner asserts that trial counsel was ineffective because she failed to request an additional competency hearing prior to petitioner entering his nolo contendere plea. When petitioner raised this claim in his state habeas petition, the Supreme Court of Virginia dismissed it, explaining:

> [C]laim C satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the trial transcript and affidavit of counsel, demonstrates that there was no evidence that petitioner was incompetent at the time he entered his pleas. Petitioner was examined on several occasions and found competent to stand trial. Although petitioner later underwent an independent evaluation wherein he was found incompetent to stand trial, he was restored to competency. His treating psychiatrist reported at the time that petitioner was "malingering, or intentionally feigning symptoms for secondary gain." Based upon the report and petitioner's repeated statements to counsel that he would prefer to be sent to a mental hospital instead of prison, counsel reasonably concluded that petitioner was intentionally trying to be found incompetent to avoid a prison sentence and therefore no further hospital evaluation was necessary. Thus, petitioner has failed to demonstrate that

counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

R. No. 110720.

Review of the record establishes that counsel was not ineffective for failing to order an additional competency hearing prior to petitioner entering his plea of nolo contendere. Although not determinative, a defense counsel's opinion of her client's competency is given great weight, as counsel "is in the best position to evaluate [her] client's comprehension of the proceedings." Hernandez v. Ylst, 930 F.2d 714, 718 (9th Cir. 1991). In this case, petitioner's counsel reasonably concluded that petitioner was "intentionally trying to be found incompetent to stand trial and insane at the time of the offense to avoid a prison sentence." Furrow Aff. at ¶ 7. According to counsel's affidavit, petitioner "made it quite clear . . . that he would prefer to be sent to a mental hospital rather than a prison on numerous occasions." Id. Moreover, as noted by the Supreme Court of Virginia, petitioner's treating psychiatrist determined that petitioner was feigning mental illness. Based on this record, counsel's decision not to seek an additional competency hearing was not "outside the range of professionally competent assistance." Strickland, 466 U.S. at 688.

Additionally, it should be noted that "the burden imposed upon a habeas petitioner to demonstrate incompetency in fact at the time of trial is extremely heavy." Flugence v. Butler, 848 F.2d 77, 79 (5th Cir. 1988) (cited favorably in Doane v. Johnson, 1:09cv1154(GBL/JFA), 2011 WL 1659312, at *6 (E.D.Va. Apr. 29, 2011)). Here, petitioner's bare assertion that he believes his attorney "remained convinced that petitioner still had something wrong with him concerning his mental health" falls far short of meeting this burden. See Br. in Opp'n at 4, ECF

No. 14. First, this contention appears without merit given that petitioner's attorney submits that she concluded petitioner was feigning mental illness prior to the plea colloquy. Furrow Aff. at ¶ 7. Moreover, nothing in the plea colloquy indicates that petitioner was incompetent or unable to comprehend the charges against him at the time he entered his plea. Therefore, the ruling by the Supreme Court of Virginia was not contrary to or based on an unreasonable application of established federal law, nor was it based on an unreasonable interpretation of the facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Thus, claim B must be dismissed from this petition.

## V. Conclusion

For the above-stated reasons, the respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this 30st day of May 2012.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia

11